# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| SHELLEY TISCHLER,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MONTANA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | Cause No. CV 11-0010-BLG-RFC-CSO<br><br>28 U.S.C. § 1915A SCREENING ORDER |

　　Pending is Plaintiff Shelley Tischler's Complaint seeking damages and injunctive relief against Defendants for an alleged failure to provide Kosher meals. (Court Doc. 1).

　　28 U.S.C. § 1915A requires the Court to review a complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. Although Tischler is represented by counsel and has paid the filing fee, she is a prisoner seeking redress from a governmental entity and governmental employees. Therefore, the Complaint is subject to screening pursuant to 28 U.S.C. § 1915(A). See In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir.

1997) (noting that "[d]istrict courts are required to screen [pursuant to section 1915A] all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners").

The Court has considered whether Tischler's Complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief and has concluded that dismissal of Tischler's claims is not appropriate at this time.  28 U.S.C. § 1915(A); McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir. 1987) ("[i]nmates have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion."); Kahane v. Carlson, 527 F.2d 492 (2nd Cir. 1975) (federal inmates are to be provided with food consistent with religious dietary requirements to extent security and budgetary considerations permit); Ward v. Walsh, 1 F.3d 873 (1993), cert. denied, 510 U.S. 1192, 114 S.Ct. 1297, 127 L.Ed.2d 649 (1994) (finding fact issue whether denial of kosher diet to Orthodox Jewish prisoner was

reasonably related to prison's legitimate interest in streamlining food service).

The Clerk of Court's office received a letter from Tischler on February 1, 2011. Tischler previously filed a *pro se* action in this Court during which she frequently sent letters to the Clerk's office regarding various aspects of her litigation. *See generally* Civil Action No. 07-CV-173-BLG-RFC-CSO. In this case, Ms. Tischler is represented by counsel and therefore the Court will not accept any letters, filings, or other documents submitted by Tischler herself. All communications and filings must be accomplished through counsel.

The Clerk of Court's office is directed to discard Ms. Tischler's letter received February 1, 2011, and any further correspondence received directly from Tischler. Mr. Vainio, as counsel for Ms. Tischler, is asked to advise her that she may not correspond directly with the Court.

Based on the foregoing, the Court issues the following:

## **ORDER**

1.  Having conducted the screening required by 28 U.S.C. § 1915A, the Court finds dismissal of Tischler's claims is not appropriate at this time.

2.  The Clerk of Court's office is directed to discard Ms. Tischler's letter received February 1, 2011, and any further correspondence received directly from Tischler.

DATED this 3rd day of February, 2011.

*/s/   Carolyn S. Ostby*
United States Magistrate Judge